[No. 1520, March 19, 1913.]

LEON B. STERN, Appellee, v. FARAH BROS., a Firm and Co-partnership, Composed of Andres Farah and M. Farah, Appellants.

#### SYLLABUS (BY THE COURT).

1. In the matter of the consideration for a sale there must be an agreement, between the parties, upon the price or upon the manner in which it is to be determined.

2. Where parties to an executory agreement for the sale of goods agree that the price to be paid for the property shall be fixed by valuers appointed by them, there is no contract of sale if the persons appointed as valuers fail or refuse to act; and this is true even where one of the parties to such an agreement is the cause of such failure or refusal.

3. Where one of the persons nominated in such an agreement as valuers refuses to act, the other has no power, without the consent of both parties to the agreement, to select a third person to act as a valuer in the place of the person so refusing, nor could one of the principals select a valuer under such circumstances.

Appeal from District Court, Bernalillo County.

NEILL B. FIELD, for Appellants.

Stern v. Farrah Bros., 17 N. M. 516.

The instrument sued on amounted in law to no more than an agreement to make a binding contract in the future, provided the parties could agree upon its terms. 1 Benjamin on Sales, sec. 87, p. 104; Thurnell v. Balbirnie, 2 C. B. 786; Cooper v. Shuttleworth, 25 L. J. Ex. 114; Vickers v. Vickers, 4 Eq. 529; Wilkes v. Davis, 3 Merc. 507; Russell v. Clough, 71 N. H. 178; Breckenridge v. Crocker, 78 Cal. 529; Shepard v. Carpenter, 54 Minn. 153; Arnold v. Scharbauer, 116 Fed. 492; St. Louis & S. F. R. R. Co. v. Gorman, 100 Pac. 647; Hopedale Elec. Co. v. Elec. Co., 184 N. Y. 356; May v. Ward, 134 Mass. 127; Freeman v. Ritz, 154 Mass. 257.

The written instrument contained three independent undertakings, an agreement by the plaintiff to procure a lease, an agreement by plaintiff to sell and by the defendants to buy the fixtures in the store, and an agreement by defendants to buy and by plaintiff to sell merchandise to be thereafter selected and valued, which agreements were never carried into effect. Instructions based upon such an instrument erroneously refused. 2 Parsons on Contracts (6th ed.) 517, 520; Potter v. Potter, 72 Pac. 702; Barlow Mfg. Co. v. Stone, 200 Mass, 158; King v. Welcome, 71 Mass. 41; Comes v. Lamson, 16 Conn. 246; Miner v. Bradley, 39 Mass. 457; Seymour v. Detroit, etc. Mills, 56 Mich. 114; Andrews v. Broughton, 78 Mo. App. 179; Bank of Antigo v. Union Trust Co., 149 Ill. 343; Keeler v. Clifford, 165 Ill. 544; Kidder v. Hunt, 18 Mass. 328; Williams v. Bemis, 108 Mass. 91; Kimmins v. Oldham, 27 W. Va. 258; De Montague v. Bacharach, 187 Mass. 128; Cram v. Thompson, 87 Minn. 172.

The oral modification of the contract if agreed upon was void by the statute of frauds. Stead v. Dawber, 10 A. & E. 57; Swain v. Seamens, 9 Wall. 254; Reid v. Diamond Plate Glass Co., 85 Fed. 193; Brown v. Sanborn, 21 Minn. 402; Schultz v. Bradley, 57 N. Y. 656; Hill v. Blake, 97 N. Y. 216; Snow v. Nelson, 113 Fed. 353; Christian v. Highlands, 69 N. E. 266; Beckmann v. Mepham, 70 S. W. 1094; Warren v. Mayer Mfg. Co., 161 Mo. 112; Newman v. Bank, 70 Mo. App. 135.

The amended complaint does not state facts sufficient

to constitute a cause of action. C. L. 1897, p. 699; Bliss on Code Pl. secs. 287-c, 302; Phillips on Code Pl., sec. 329; Grand Tower Co. v. Phillips, 23 Wall. 471; Globe Refining Co. v. Landa Cotton Oil Co., 190 U. S. 540; Emmons v. Alvord, 177 Mass. 466; 2 Sedgwick on Damages (8th ed.), sec. 603; 1 id. (7th ed.) 439; Rich v. N. Y. C. & H. R. R. R. Co., 87 N. Y. 382; Dung v. Parker, 52 N. Y. 494; Gallagher v Brunel, 6 Cowen 347.

Rulings erroneous on questions of evidence. 1 Greenleaf Ev. sec. 432; 1 Phillips on Ev., 289; 2 Cowen & Hill's Notes, 750; Abbott's Trial Ev. 320; 1 Wigmore Ev., secs. 743 to 763 incl.; Whitley Grocery Co. v. Roach, 42 S. E. 282; Peterson Bros. v. Mineral King Fruit Co., 74 Pac. 162; Insurance Cos. v. Weides, 14 Wall. 375; Bates v. Preble, 151 U. S. 149; Town of Norfolk v. Ireland, 68 Conn. 1.

Plaintiff was not entitled to interest except in the discretion of the jury. C. L. 1897, sec. 2550; id. sec. 3219; Bowen v. Slocum, 17 Wis. 181; State v. County of Multnomah, 10 Pac. 635; Cox v. McLaughlin, 76 Cal. 60; Swanson v. Andrus, 83 Minn. 505; Di Palma v. Wienman, 15 N. M. 68.

KLOCK & OWEN, for Appellee; FRANK W. CLANCY, of Counsel.

The contract upon its face and properly construed was a single contract. Canal Co. v. Hill, 15 Wall. 94; R. I. Ry. v. Rio Grande R. R., 143 U. S. 609; Nash v. Towne, 5 Wall. 689.

It is a fundamental rule that in the construction of contracts the courts must look not only to the language employed, but to the subject matter and the surrounding circumstances, and may avail themselves of the same light which the parties possessed when the contract was made. Nash v. Towne, 5 Wall. 689; Barreda v. Silsbee, 21 How. 146; Shore v. Wilson, 9 Cl. & Fin. 355; McDonald v. Longbottom, 1 El. & El. 977; Munford v. Gething, 29 L. J. C. P. 110; Carr v. Montefiore, 5 B. & S. 407; Brawley v. U. S., 96 U. S. 168; Merriam v. U. S., 107 U. S.

437; Shinn v. Bodine, 60 Pa. 185; Dugan v. Anderson, 36 Md. 567; Burke Co. v. Wells Fargo & Co., 8 Idaho 42; U. S. v. Stage Co., 199 U. S. 414; Sanders v. Clark, 29 Cal. 299; Walsh v. Hill, 38 Cal. 481; Howard v. Adkins, 167 Ind. 184.

The written agreement was such that a refusal to perform would constitute a breach for which damages would be recoverable. I. P. & C. R. Co. v. Maguire, 62 Ind. 140; Potter v. Holmes, 65 Minn. 377; id. 72 Minn. 153; Kenniston v. Ham, 9 Foster, 506; Humaston v. Tel. Co., 21 Wall. 20.

The contract was upon good consideration and not within the prohibition of the statute of frauds. Swain v. Seamens, 9 Wall. 254; Stearns v. Hall, 9 Cush. 34; Smith v. Loomis, 74 Me. 503; Kingston v. Walters, 14 N. M. 368.

The amended complaint is sufficient. Roehm v. Horst, 178 U. S. 7; Hinckley v. Steel Co., 121 U. S. 264; Dugan v. Anderson, 36 Md. 567.

Plaintiff was entitled to interest as a matter of right. Sullivan v. McMillan, 37 Fla. 134; Dana v. Fiedler, 12 N. Y. 50; Brown v. Doyle, 69 Minn. 543; Stoudemier v. Williamson, 29 Ala. 558; Rowland v. Shelton, 25 Ala. 217; Murray v. Doud, 167 Ill. 368; Driggers v. Bell, 94 Ill. 223; McKenney v. Haines, 63 Me. 74; Bickell v. Colton, 41 Miss. 368; Goodman v. M. K. & T. R. Co., 71 Mo. App. 460; Livingston v. Miller, 11 N. Y. 80; Van Rensselaer v. Jewett, 2 N. Y. 135; Fishell v. Winans, 38 Barb. 228; Hamilton v. Ganzaid, 34 Barb. 204; Clark v. Dales, 20 Barb. 42.

### STATEMENT OF FACTS.

On the 19th of October, 1908, the plaintiff and defendants, in this cause below, entered into the following agreement, viz:

"Leon B. Stern,

Albuquerque, N. M., 10-19-08.

An agreement entered into this day between Leon B. Stern, party of the first part and Farah Bros., party of the second part both parties being residents of Albu-

querque, Territory of New Mexico, to-wit the party of the first part agrees to secure for the party of the second part a lease for the store now occupied by him for one year at a monthly rental of $125.00 per month to take effect Jan. 1st, 1909, or before if it can be so agreed upon by both parties. The party of the second part agrees to take all the shelving and counters and tables now in the store of the party of the first part at one-half of what they are worth new the value to be determined by two competent carpenters, one to be named by each of the parties to this agreement. The party of the second part also agrees to take assorted merchandise to the amount of $5,000.00 (or more if so agreed upon by both parties). The price at which said merchandise is to be paid for to be determined by two appraisers, one to be named by each party to this agreement.

In consideration of the foregoing the party of the second part has paid to the party of the first part the sum of $500, the receipt of which is hereby acknowledged by the party of the first part as part payment on said merchandise and fixtures.

LEON B. STERN,<br>FARAH BROS.

It is also agreed between the two parties to this agreement that if the appraisers chosen by them to appraise the merchandise above mentioned cannot agree they shall call in a third party of their own choosing to arbitrate between them, and that they agree to abide by the decision of the said third party.

(Signed)    LEON B. STERN,<br>(Signed)    FARAH BROS."

After the execution of said agreement the plaintiff testified that he procured a lease in accordance with the terms of said agreement, and later discovering that the defendants had procured a lease of the same building, for three years, from Dec. 1, 1908, that thereupon the written agreement was orally modified—the defendants agreeing to take all of the merchandise which the plaintiff might have on hand on the first day of December, 1908, the plaintiff to reduce his stock in the meantime and to close his store

on Nov. 21, 1908; that an appraisement of the stock might be had.

On November 22nd Nathan Salmon went to Albuquerque, at defendant's request, to act as their appraiser. He was introduced to the plaintiff by one of the defendants on the following day, and testifies that he examined the stock and refused to appraise it. On the same day plaintiff, Stern, notified defendants, in writing, that he had appointed one Gustafson to appraise the counters and shelving, pursuant to the contract, and calling upon defendants to name some one to join with Mr. Gustafson in this appraisal, also notifying them that he had selected one McDowell as his appraiser of merchandise. Later the same day, defendants notified plaintiff, in writing, that they named one Gertig to appraise counters and shelving, referred to in plaintiff's notice, but that they declined to appoint any other appraiser to appraise the merchandise because Salmon "declined to appraise said merchandise for the reason that the same consisted entirely of remnants, odd sizes, shop worn and non-salable goods." On the following day plaintiff notified defendants that unless they designated a person to act as appraiser, at once, plaintiff would designate one or more fair and impartial men to make the appraisal of the remaining stock of merchandise, and that defendants would be held liable under the contract of October 19th, for the appraised value of said stock. On the 30th day of November plaintiff further notified defendants, in writing, that he had had the stock appraised according to the terms of the contract and that this appraisal was subject to defendants' inspection; that the amount was $12,143.64, exclusive of shelving, counters and tables which were worth, new and in position $638.70; demanding payment of alleged balance due from defendants for said merchandise, etc., according to the appraisement and said contract, and in default, plaintiff would hold defendants liable therefor, pursuant to terms of said contract. On December 1st, 1908, defendants acknowledged receipt of notice of November 30th, advising that they would accept the  shelving, tables and counters if the landlord would permit same to remain in the

store room until possession was delivered to defendants, but again refusing to be bound in the matter of the stock of merchándise. On December 2nd, plaintiff advised defendants, in writing, that he had begun the sale of the merchandise and would sell as much, in the due course of trade and at retail, as he could until December 5th, on which date, at 2 p. m., he would begin a public auction and continue the same each day until January 1st; that defendants would be held liable for all damages accruing to plaintiff by reason of the breach of the contract. On January 20th, 1909, the defendants made demand for the return of the five hundred dollars referred to in the agreement of October 19, 1908.

The plaintiff in his amended complaint alleged damages in the sum of seven thousand dollars by reason of the alleged breach of the contract of October 19, 1908. The cause was tried to a jury and the issues found in favor of the plaintiff, verdict and judgment being for $6,495, from which judgment defendants appealed.

## OPINION OF THE COURT.

HANNA, J.—The first point contended for by appellants is that, "The instrument sued on amounted in law to no more than an agreement to make a binding contract in the future, provided the parties could agree upon its terms." In support of this contention, instructions were asked by the defendants, appellants here, and refused, to the effect that the contract did not, at the time of its execution, bind either of the parties thereto to any action, and that either might lawfully withdraw at any time before the other had done anything in pursuance of said contract; and, that before the prices for the merchandise were fixed in the manner prescribed by the contract either might recede, without incurring any obligation or liability to the other party by reason thereof; and *that "if the jury believe that the defendants in good faith appointed Nathan Salmon to appraise the merchandise of the plaintiff and that said Salmon refused to proceed with the appraisement of his own volition and not because of anything said to him by defendants such appointment of Salmon constituted*

Stern v. Farrah Bros., 17 N. M. 516.

*a full compliance with the agreement on their part and the jury should find for the defendants."*

We are not prepared to say that the trial court erred in refusing the first two instructions, referred to above, because we can see possible obligations and liabilities that might flow from an election not to proceed with an agreement of this character. We are of the opinion, however, that error was committed in refusing defendants' requested instruction No. 9, quoted above, and here set out in italics, and that this error was, of necessity, highly prejudicial to the case of the defendants.

In the matter of the consideration for a sale there must be an agreement, between the parties, upon the price or upon the manner in which it is to be determined. 35 Cyc. 47-48; Benjamín on Sales, sec. 87, lays down the law upon this question of the consideration in the following language:

"It is not uncommon for the parties to agree that the price of the goods sold shall be fixed by valuers appointed by them. In such cases they are, of course, bound by their bargain and the price when so fixed is as much a part of the contract as if fixed by themselves; *but it is essential to the formation of the contract that the price should be fixed in accordance with this agreement,* and if the persons appointed as valuers fail or refuse to act, there is no contract in the case of an executory agreement, even if one of the parties should himself be the cause of preventing the valuation. But if the agreement has been executed by the delivery of the goods, the vendor would be entitled to recover the value estimated by the jury, if the purchaser should do any act to obstruct or render impossible the valuation." See also, Hutton v. Moore, 26 Ark. 382; Wittkowsky v. Wasson, 71 N. C. 394; Mechem on Sales, sec. 213; Fort v. Union Bank, 11 La. Ann. 708; Tiernan v. Martin, et al., 2 Rob. (La.) 523; Ellerton Hds. Co. v. Hawes, 122 Ga. 858; Pomeroy on Contracts, secs. 149 and 150; Vickers v. Vickers, 4 Eq. 529; Shepard v. Carpenter, 54 Minn. 153; Arnold v. Schardauer, 116 Fed. 492; Hopedale El. Co. v. Electric S. B. Co., 184 N. Y. 366; 1 Parsons on Contracts, 524.

It is not contended in this case that any portion of the stock, or fixtures, were delivered, and is admitted that Salmon was named by defendants as their appraiser and declined to make such appraisement. There can be no question but that the written agreement between the parties would have resulted in a sale, if the conditions upon which the sale depended had been complied with, and both parties would then have been bound, but until the price was fixed the sale was incomplete.

The agreemnt was executory and provided, by its terms. the manner in which it was to be fully consummated. Can it be said that the court had the power to make a new agreement between the parties, or to permit one of the parties to vary its express terms and arrive at a valuation of the goods by a method not provided for, or outside of the terms of the agreement, and, that after such calculation is thus arrived at, to make it the measure of damages sustained? We do not think so. However we may view the question of good morals, or good conscience, in a case such as this, it is not for us to make a new contract between these parties, or to give force and efficacy to a departure, by one party, from the terms of the alleged contract. When Salmon refused to act as appraiser, Stern has no authority to designate other appraisers to make the appraisal of the stock.

It has been held in the case of Elberton Hdw. Co. v. Hawes, supra, that

"Where parties to an executory agreement for the sale of goods agree that the price to be paid for the property shall be fixed by them, there is no contract of the sale if the persons appointed as valuers fail or refuse to act; and this is true even where one of the parties to such agreement is the cause of such failure or refusal."

With this holding we fully agree, and after careful examination of all the authorities available we are compelled to conclude that the principle is controlling in this case. This well considered Georgia case, (Elberton Hardware Co. v. Hawes) supra, which in point of fact has much similarity to the case at bar, went further in holding that,

**3** "Where one of the persons nominated in such an agreement as valuers refuses to act, the other has no power, without the consent of both parties to the agreement, to select a third person to act as a valuer in the place of the person so refusing."

With this view of the question we likewise concur, and it necessarily follows that one of the principals could not select a valuer under such circumstances.

We note the contention of the appellee that a breach of contract as alleged in the case at bar, gives rise to an action for damages, and that such damages are those which were, or ought to have been within the contemplation of the parties when the agreement was made or when the breach occurred. The authorities cited by appellee in support of this contention, are all cases where the property had been delivered, or defendant had come into possession of the same, and are clearly within the exception to the rule laid down in 1 Benjamin on Sales, sec. 87.

See also Elberton Hdw. Co. v. Hawes, 122 Ga. 858, 2t 865. Had this been an action for damages in connection with services rendered by plaintiff in procuring the lease for defendants, much greater weight could be given to the contentions of appellee, but the purpose of insisting upon and recovering under the alleged contract of sale is quite evident.

An effort was clearly made by appellee to comply, as nearly as possible, with the conditions pertaining to a valuation of the merchandise, and that value is sought to be made controlling of the measure of damages in this case.

It follows, in our opinion, that the court erred in the matter of refusing the instruction referred to.

Our conclusion as to this point in the case makes it unnecessary for us to pass upon the remaining numerous assignments of error, except in the matter of alleged error in the trial court's refusal to direct the jury to find for the defendants for the recovery of the money paid and interest. The instruction requested was as follows:

"The court instructs the jury to find the issues for the defendants and assess their damages on their counter

claim at the sum of five hundred dollars, with interest thereon at six per cent per annum from the 20th day of January, 1909, until this date." Our conclusion in this case necessarily results in our agreeing with this last contention of appellant.

The five hundred dollars paid was in part performance of an incomplete agreement, which has never become an executed contract. Not only the merchandise, but the fixtures as well, were sold to third parties and never came into the hands of appellants, in whole or in part, therefore, the consideration cannot be retained, or treated as liquidated damages in the absence of an agreement to that effect. We find error in the refusal of the last mentioned instruction.

For the reasons given, the judgment of the lower court is reversed and the cause remanded with instructions to enter judgment in the District Court of Bernalillo County in favor of the defendants in this cause and against the plaintiffs for the recovery of the sum of five hundred dollars, with interest from the 20th day of January, 1909. until paid, and their costs.