[Civ. No. 22486. Fourth Dist., Div. One. Dec. 12, 1980.]

JOHN E. KENNY et al., Cross-complainants and Appellants, v. SAFECO TITLE INSURANCE COMPANY et al., Cross-defendants and Respondents.

**COUNSEL**

John A. Mitchell for Cross-complainants and Appellants.

Michael A. Warren for Cross-defendants and Respondents.

**OPINION**

**KILGARIF, J.\***—Appellants appeal from a judgment rendered January 23, 1980, dismissing appellants' first amended complaint for negligence pursuant to an order sustaining respondents' demurrer without leave to amend.

Appellants sold certain real property to buyers Robert G. Parsons and Jeanne K. Parsons. Appellants agreed to convey property free of all encumbrances except 1978-1979 taxes and instructed escrow holder to pay all "liens of record" other than 1978-1979 taxes. Respondents issued a policy of title insurance on May 10, 1978, to the buyers insuring their title to be free from any liens and encumbrances with some exceptions. On March 14, 1978, a federal tax lien for $32,132.49 for 1976 taxes had been imposed upon appellants and their property. The lien was recorded March 15, 1978.

Respondents failed to note said lien and on May 10, 1978, respondents issued the policy of title insurance to the buyers failing to show said lien as an exclusion under their policy. The buyers, respondents' insured, became aware of the federal tax lien on their property, made demand for payment to clear their title and respondents extinguished the tax lien for the benefit of the insured buyers by paying the sum of $31,504.44 to the Internal Revenue Service.

---

\*Assigned by the Chairperson of the Judicial Council.

Respondents' insured, Robert G. Parsons and Jeanne K. Parsons, assigned to respondents all causes of action, claims and demands arising out of the federal tax lien against appellants. Respondents, in their exercise of subrogation rights, filed a complaint against appellants for breach of contract against encumbrances for recovery of $31,504.44 plus costs.

Appellants admitted under penalty of perjury in their answer and cross-complaint that the tax of $32,132.49 was due and unpaid at time of opening of escrow and that they had knowledge of the tax lien. They alleged in their cross-complaint "at the time we were negotiating with the Federal Government to negotiate this lien."

Appellants filed a cross-complaint for damages, alleging that respondents' negligence precluded them from effecting a compromise and settlement with the IRS in the amount of $10,000.

Appellants contend that respondents owed a *duty of care* to sellers in a policy of title insurance which insured buyers' title to be free of encumbrances despite lack of privity of contract between title insurance company and sellers. They contend, further, that the court abused its discretion in not finding them to be third party beneficiaries of the policy of title insurance.

■ The facts in this case, wherein sellers had prior knowledge of the tax lien on the property, clearly negates any possible duty on the part of the title insurance company to advise them of the existence of said lien. The allegations in the proposed cross-complaint indicate that sellers sold the property without disclosing to the escrow company that the tax lien existed. Their agreement was to sell the property free of all encumbrances except 1978-1979 taxes and escrow holder was instructed to pay all "liens of record." Appellants cite *Biakanja v. Irving* (1958) 49 Cal.2d 647 [320 P.2d 16, 65 A.L.R.2d 1358], as standing for the principle that "a professional may be held liable for negligence to third persons not in privity with the contracting parties, where under the circumstances the professional owed a duty of care to third persons." In the *Biakanja* case, a notary public prepared a will, improperly attested, wherein plaintiff's brother attempted to bequeath his entire estate to plaintiff. The will was denied probate and plaintiff received only his intestate share. The *Biakanja* case is clearly distinguishable from the facts in this matter. Here, the policy of title insurance was not *intended*

to protect them from payment of taxes, admittedly owed, but subject to negotiation as to the amount. The appellants cannot allege any reliance upon the policy of title insurance to advise them of the existence of a lien. They had this knowledge. *Hawkins* v. *Oakland Title Ins. and Guar. Co.* (1958) 165 Cal.App.2d 116 [331 P.2d 742], resolved the issue of negligence and reliance by citing section 552 of the Restatement of Torts as follows: "One who in the course of his business or profession supplies information for the guidance of others in their business transactions is subject to liability for harm caused to them by their reliance upon the information if

"(a) he fails to exercise that care and competence in obtaining and communicating the information which its recipient is justified in expecting, and

"(b) the harm is suffered

"(i) by the person or one of the class of persons for whose guidance the information was supplied, and

"(ii) because of his justifiable reliance upon it in a transaction in which it was intended to influence his conduct or in a transaction substantially identical therewith."

We cannot rationalize any theory as to how a pleader, no matter how adept, could properly plead a cross-complaint for negligence in the absence of the existence of a duty of care.

■ Appellants contend they are third party beneficiaries of the title insurance contract and are entitled to sue on contract. *Walters* v. *Marler* (1978) 83 Cal.App.3d 1 [147 Cal.Rptr. 655], is a case almost on all fours with the issues of this case. In *Walters* v. *Marler, supra,* the court in effect stated, "The promisee, Title Company, must have intended to confer a benefit on the third party (the seller)." This, clearly, is not and was not the intention of a title insurance company insuring the title of the buyer. The case cites *Fryer* v. *Kaiser Foundation Health Plan* (1963) 221 Cal.App.2d 674 [34 Cal.Rptr. 688], "One who is only an incidental beneficiary of an insurance policy has no grounds for recovery." In the present case, the Kennys are at most incidental beneficiaries to the policy of title insurance issued to the buyers, Parsons, as no intention to confer upon them a right against the promisor can be imputed to the title insurer. The sole purpose of the title insur-

ance contract was to insure that the buyers' title would be free of any liens or encumbrances.

There is a contention by appellants that because they agreed to pay the premium on the policy of title insurance in the escrow as consideration for the sale, this would bootstrap their position and create a "duty of care" on the part of the title insurer or render the agreement between the buyers and the title insurer a third party beneficiary contract for benefit of appellants. Appellants would still be an incidental beneficiary and, as such, have no cause of action against respondents.

The judgment dismissing appellants' first amended complaint for negligence pursuant to an order sustaining respondents' demurrer without leave to amend is affirmed.

Cologne, Acting P. J., and Staniforth, J., concurred.