734 P.2d 1272

**Benjamin J. ROSCOE and Geraldine Roscoe, Plaintiffs-Appellants,**

v.

**U.S.LIFE TITLE INSURANCE CO. OF DALLAS, a Texas Corporation and U.S. Life Title Company of Albuquerque, a New Mexico Corporation, Defendants-Appellees.**

No. 16333.

Supreme Court of New Mexico.

April 6, 1987.

Thomas J. Clear, Jr., Clear & Clear, P.A., Albuquerque, for plaintiffs-appellants.

Leonard G. Espinosa, Anne D. Goodman, Moses, Dunn, Beckley, Espinosa & Tuthill, Albuquerque, for defendants-appellees.

## OPINION

WALTERS, Justice.

Benjamin and Geraldine Roscoe (Roscoes) brought suit against USLife Title

Company of Albuquerque and its underwriter, USLife Title Insurance Company of Dallas (USLife), allegedly to enforce a title insurance contract in connection with Roscoes' purchase of real property. USLife's motion to dismiss the original complaint was granted with leave to amend. Roscoes' amended complaint for damages was dismissed on USLife's motion for summary judgment, and Roscoes appeal. We affirm.

In 1976, Benjamin Roscoe negotiated to purchase from Anne Macy an apartment complex in Albuquerque. He prepared and signed a document of purchase, agreeing to assume the existing mortgage lien on the property. After the agreement was signed, it was taken to USLife for preparation of the closing documents. An attorney employed by USLife on behalf of both buyer and seller reviewed those documents. At the closing on July 30, 1976, Roscoes signed a real estate contract subject to a mortgage in the amount of $119,055.04. Neither the assumption purchase agreement nor the real estate contract mentioned that a balloon payment was due under the terms of the mortgage on or before October 1, 1984.

Early in 1984, Roscoes decided to sell the property and at that time the balloon payment came to their attention. Roscoes made a demand on USLife for damages claimed because the balloon payment had not been mentioned as a term of the real estate contract. USLife denied Roscoes' claim, and this suit followed.

We address two issues on appeal:

1. Whether Roscoes' claim is barred by the statute of limitations.

2. Whether USLife had a duty to disclose or notify Roscoes of the balloon payment contained in the underlying real estate mortgage note, or include it as a term in the closing documents.

## I.

Roscoes' original complaint was entitled "Complaint to Enforce Contract." That complaint was dismissed with leave to amend. The first amended complaint alleged damages suffered because of USLife's "negligence or oversight" in not informing Roscoes of the balloon payment. The statute of limitations for contract actions under NMSA 1978, Section 37–1–3(A) is six years. The following Section 37–1–4 provides a four-year limitation for actions in negligence. Since nearly eight years had elapsed between the date .of closing and the initiation of this action, either claim normally would be barred.

Roscoes argue, however, that NMSA 1978, Section 37–1–7 applies:

> In actions for relief, on the ground of fraud or mistake, and in actions for injuries to, or conversion of property, the cause of action shall not be deemed to have accrued until the fraud, mistake, injury or conversion claimed of, shall have been discovered by the party aggrieved.

On a motion for summary judgment, the party claiming that the statute of limitations should be tolled has the burden of alleging sufficient facts that, if proven, would toll the statute. *Stringer v. Dudoich*, 92 N.M. 98, 583 P.2d 462 (1978). Roscoes' complaint does contain an allegation that they did not discover the balloon payment until early in 1984, but the complaint attributes to USLife none of the grounds enumerated in Section 37–1–7 as a reason for their own failure to discover the terms of the assumed mortgage. We recognize that summary judgment is a drastic remedy. *Cebolleta Land Grant v. Romero*, 98 N.M. 1, 644 P.2d 515 (1982). We also agree that a statute which tolls the statute of limitations should be liberally construed to reach the merits if possible. *In re Goldsworthy's Estate*, 45 N.M. 406, 115 P.2d 627 (1941). Nevertheless, even the most liberal construction of Section 37–1–7 cannot lead, as Roscoes urge, to equating a general allegation of negligence with the narrow legal concept of mistake or fraud for purposes of tolling the statute.

Even if Roscoes' allegations could be construed to allege mistake or a kind of

constructive fraud—a construction we do not think possible—we are of the opinion that the statute would still bar the complaint. In *Albuquerque Nat'l Bank v. Albuquerque Ranch Estates*, 99 N.M. 95, 654 P.2d 548 (1982), we refused to allow a defendant the equitable defense of mistake of fact where he had the opportunity to learn the truth and had failed to exercise reasonable diligence to do so. Similarly, in an action for constructive fraud the court of appeals, construing the predecessor of Section 37–1–7, held that the statute is tolled until the right of action is discovered *or* until, by the exercise of ordinary diligence, it could have been discovered. *Hardin v. Farris*, 87 N.M. 143, 530 P.2d 407 (Ct.App.1974); *cf. Krupiak v. Payton*, 90 N.M. 252, 561 P.2d 1345 (1977).

Mr. Roscoe was aware of the existing mortgage when he agreed to buy the property, since he wrote the purchase agreement. It is well-settled that a person entering into a contract has a duty to read and familiarize himself with its contents before he signs and delivers it. *Smith v. Price's Creameries*, 98 N.M. 541, 650 P.2d 825 (1982). Roscoe's failure to read and familiarize himself with the terms of the mortgage he agreed to assume, when that information was readily available, clearly indicates a lack of reasonable diligence. Had Roscoe made reasonable inquiry or examined the original mortgage, he would have discovered the balloon payment.

## II.

In addition to determining on summary judgment that Roscoe's claim was barred, the trial court properly concluded in the first order of dismissal that as a matter of law USLife had no duty to disclose or notify Roscoe of any balloon payment contained in the underlying real estate mortgage. Although the precise question of a title insurance company's duty to disclose an existing balloon payment on an assumed mortgage is a question of first impression in New Mexico, there is New Mexico law relevant to the question. In

*Horn v. Lawyers Title Ins. Corp.*, 89 N.M. 709, 557 P.2d 206 (1976), this Court said:

The rights and duties of the parties are fixed by the contract of title insurance.

*Id.* at 711, 557 P.2d at 208. The Court there held that a title insurer's duty to search records must be expressed or implied from the policy, and a title company has no duty to search the records for matters it excluded from coverage. *Id.* Here, USLife's policy insures against loss or damages due to "[a]ny defect or lien or encumbrance on such title." Schedule B of the policy specially excludes from coverage any loss or damage resulting from the mortgage in question. This exception is clear and unambiguous.

In *Devlin v. Bowden*, 97 N.M. 547, 641 P.2d 1094 (Ct.App.1982), a case addressing similar issues, the court affirmed a summary judgment in favor of a title company on a claim brought by the seller of property for the alleged failure of the title company to show a reserved mineral interest as a defect in title. Like Roscoes' claim, Bowden's third-party claim was grounded in negligence for failure to adequately search and disclose discoverable information about the property. There, the title policy exempted mineral rights from coverage. Citing *Horn*, the court held there was no tort duty to search the records for mineral interests excluded from a title company's contractual duty under the terms of its policy. *Id.* In other words, in cases such as these, the distinction between tort and contract claims is a "distinction without a difference," since a court would overstep its authority in holding a title company negligent for failing to search records regarding an interest expressly excluded from coverage under the policy contracted for. *Id.* at 552, 641 P.2d at 1099.

Negligence is generally a question of fact for the jury, but a finding of negligence is dependent upon the existence of a duty on the part of the defendant. *Schear v. Bd. of County Comm'rs*, 101 N.M. 671, 687 P.2d 728 (1984). The existence of a duty is a question of law for the judge to

decide. *Id.* The trial court property concluded that USLife owed no duty to Roscoes to recite in the closing documents or elsewhere the terms of the underlying mortgage assumed by Roscoes. Accordingly, judgment of the lower court is AFFIRMED.

IT IS SO ORDERED.

SOSA, Senior Justice, and RANSOM, J., concur.