810 P.2d 812

**COTTONWOOD ENTERPRISES, a California limited partnership, Plaintiff–Appellant,**

v.

**Mark McALPIN, Barbara McAlpin and Territorial Abstract and Title Company, Defendants–Appellees.**

**No. 19075.**

Supreme Court of New Mexico.

May 2, 1991.

Sommer, Udall, Othmer, Hardwick & Garcia, Jack N. Hardwick, Santa Fe, for plaintiff-appellant.

Scheuer & Engel, Richard S. Lees, Santa Fe, for defendants-appellees McAlpin.

Moses, Dunn, Beckley, Espinosa & Tuthill, Leonard G. Espinosa, Steven H. Hile, Albuquerque, for defendant-appellee Territorial.

## OPINION

SOSA, Chief Justice.

The factual background of this case is set forth in *Cottonwood Enterprises v. McAlpin,* 109 N.M. 78, 781 P.2d 1156 (1989). In that opinion we reversed the district court's grant of a Rule 41(E) motion, which dismissed the cause with prejudice for inactivity, and remanded to the court for consideration of Territorial's Rule 12(B)(6) motion to dismiss and the McAlpins' Rule 12(B)(6) and (7) motions to dismiss.

On remand, the district court dismissed the first amended complaint against Territorial based upon two rulings: that it was barred by the four-year statute of limitation set forth in NMSA 1978, Section 37-1-4, and that it failed to state a cause of action. With regard to the McAlpins' motion [1], the court found that the first amended complaint stated causes of action for negligent or intentional misrepresentation and breach of contract. Cottonwood appeals the trial court's dismissal of its first amended complaint against Territorial. We reverse.

The original complaint filed in 1983 requested only injunctive relief against Territorial to prevent it from disbursing the purchase money held in escrow; no damages or other affirmative relief against Territorial were sought. After the original complaint was filed, the title defects were corrected. Defendants filed no answer. On February 29, 1984, Cottonwood, through its general partner, filed a pleading entitled "Amendment to Complaint," which set forth a negligence cause of action against Territorial, but failed to reassert the general allegations, causes of action, prayer for relief, and demand for judgment as set forth in the original complaint.

On August 6, 1986, attorney Barshov entered an appearance on behalf of Cottonwood and filed a motion to amend the original complaint. Subsequently, the defendants filed a response to that motion and a joint Rule 41(E) motion to dismiss. Approximately one year later the district court entered an order granting Cottonwood's motion to amend and denying the defendants' motion to dismiss. Cottonwood filed its first amended complaint on July 8, 1988, and Territorial moved to dismiss the complaint on October 6, 1988.

In its letter decision of February 2, 1990, ruling on Territorial's motion to dismiss, the district court stated:

> The amendment to the complaint filed on February 4, 1989 [sic] was an improper amendment and is a nullity. This pleading was filed without leave of the court

in violation of Rule 1-015(b) [sic] of the Rules of Civil Procedure. Further the filing of the 1984 amended complaint is in violation of Rule 1-015(D) [sic] which requires all claims for relief to be contained in a single pleading. The 1984 amended complaint could not be filed by the general parties [sic]. The subsequent amendment was not timely.

It is clear from a reading of Rule 15, however, that the district court was referring to Subsections A and E, which provide in pertinent part:

> A. **Amendments.** A party may amend his pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.
>
> . . . .
>
> E. **All matters set forth in one pleading.** In every complaint, answer or reply, amendatory or supplemental, the party shall set forth in one entire pleading all matters which, by the rules of pleading, may be set forth in such pleading, and which may be necessary to the proper determination of the action or defense.

Cottonwood relies upon the relation back doctrine to support the timeliness of the 1988 amended complaint, alleging the 1984 amendment tolled the four-year statute of limitation on its negligence claim. In the alternative, Cottonwood contends that, whether or not the filing of the 1984 amendment violated Rule 15, Territorial had fair notice of the claim. Cottonwood also submits that its complaint was sufficient to state a negligence claim against Territorial. Territorial asserted no grounds in its Rule 12(B)(6) motion to dismiss, but alleges in its answer brief that the claim should be dismissed because Territorial owes no duty to Cottonwood as a matter of law under the facts alleged in the 1988 amended complaint.

1. The McAlpins orally withdrew their Rule 12(B)(7) motion at the January 5, 1990, hearing.

First, Cottonwood was not required to seek leave of the court to amend its pleading since no responsive pleading had been filed; nor was it improper for the general partner to act on behalf of the partnership. With regard to the court's other basis for its ruling—that all claims for relief shall be contained in a single pleading—we find that in this particular case, the court did not abuse its discretion by granting attorney Barshov's 1986 motion to amend the complaint. *See New Mexico Feeding Co. v. Keck,* 95 N.M. 615, 624 P.2d 1012 (1981) (district court's action in granting or denying permission to amend is subject to review only for clear abuse of discretion). In effect, the court's action can be characterized as giving Cottonwood the opportunity to cure its defective pleading and permitting the 1984 amendment to toll the statute of limitation despite its technical defect. This ruling is consistent with our general policy favoring amendments to pleadings in the furtherance of justice. *See Martinez v. Research Park, Inc.,* 75 N.M. 672, 410 P.2d 200 (1965). Accordingly, we hold that the 1984 amendment was timely filed despite its technical defect of not setting forth all matters in one entire pleading, and that it related back to the original complaint to toll the statute of limitation period, rendering the 1988 amended complaint timely.

The next issue concerns the district court's dismissal of Cottonwood's negligence claim based on Territorial's Rule 12(B)(6) motion. On review, we must determine the legal sufficiency of the claim. The test is whether Cottonwood might prevail under any state of facts provable under its claim. *See Petty v. Bank of New Mexico Holding Co.,* 109 N.M. 524, 787 P.2d 443 (1990).

Under our rules of "notice pleading," it is sufficient that defendants be given only a fair idea of the nature of the claim asserted against them sufficient to apprise them of the general basis of the claim; specific evidentiary detail is not required at this stage of the pleadings.

*Id.* at 526, 787 P.2d at 445.

The 1988 amended complaint states as its second cause of action the "negligent provision of title services" by Territorial. Cottonwood alleges it was insured under a policy of title insurance written through Territorial, and, that Territorial negligently performed the title work in connection with the policy. Specifically, Cottonwood claims that as a proximate result of the negligently performed services, it was compelled to take title to a single parcel subject to a recorded condominium plan and a recorded easement, rather than two parcels as originally represented. Cottonwood alleges the defects clouded its title to the property, and claims as damages the cost of employing architects and engineers to redesign the building, and attorneys to remove the easement, cancel the condominium plan, and resubdivide the parcel into the two parcels for which the original sale had been made. Also claimed are damages for alleged delay in development, losses in sales, and attorney fees. We are bound to accept as true all facts well pleaded. *Id.*

In determining whether the complaint states a cause of action for the tort of negligence, the district court must determine whether as a matter of law a duty existed on the part of the insurer. *See Schear v. Board of County Comm'rs,* 101 N.M. 671, 687 P.2d 728 (1984). "A duty is a legal obligation to conform to a certain standard of conduct to reduce the risk of harm to an individual or class or persons[.]" *Baxter v. Noce,* 107 N.M. 48, 51, 752 P.2d 240, 243 (1988). The legal measure of duty in nearly all legal relations is expressed by the phrases "due care", "reasonable care", or "ordinary care", terms used interchangeably. *Ferreira v. Sanchez,* 79 N.M. 768, 449 P.2d 784 (1969). Existence of a duty is a question of policy to be determined with reference to legal precedent, statutes, and other principles comprising the law. *Calkins v. Cox Estates,* 110 N.M. 59, 792 P.2d 36 (1990).

Although the genesis of most duties and obligations between parties to a title insurance contract generally stem from the contract of insurance itself, in which case a breach thereof may give rise to a contract claim, the tort of negligence must be based

upon a duty other than one imposed by the contract. *Cf. Stern v. Farah Bros.*, 17 N.M. 516, 529, 133 P. 400, 404 (1913) (where there is no legal duty except that arising from contract, there can be no election between an action on contract and one in tort since in such case there is no cause of action in tort).

■ Territorial cites *Horn v. Lawyers Title Insurance Corp.*, 89 N.M. 709, 557 P.2d 206 (1976), in support of its claim that it had no duty to inspect the public records to determine the state of the title to the property purchased by Cottonwood. *Horn* held that no duty is owed *under the policy* to vendors who pay title insurance premiums for the protection of the insured vendees, and that any search actually undertaken was for the protection of the insurance company. *Id.* at 711, 557 P.2d at 208. Although the holding of *Horn* was followed in *Roscoe v. U.S. Life Title Insurance Co.*, 105 N.M. 589, 734 P.2d 1272 (1987), and *Devlin v. Bowden*, 97 N.M. 547, 641 P.2d 1094 (Ct.App.1982), those cases are distinguishable in that the title insurance companies were named defendants being sued on the contracts of insurance, while here, Cottonwood as the vendee has sued the title insurer's agent, Territorial, in tort for negligent performance of the title services. Although not expressly referenced in the amended complaint, the duty is based upon our statute on underwriting standards for title insurance. NMSA 1978, Section 59A–30–11(A) (Repl.Pamp.1988), states:

> No title insurance policy may be written unless the title insurer or its title insurance agent has caused to be conducted a reasonable search and examination of the title using an abstract plant meeting the requirements of Section 59A–12–13 NMSA 1978 and has caused to be made a determination of insurability of title in accordance with sound underwriting practices.

Clearly, a duty of reasonable care is imposed upon title insurance agents that is independent of any duties or obligations arising out of the contract of insurance.

■ Moreover, in *Cano v. Lovato*, 105 N.M. 522, 534, 734 P.2d 762, 774 (Ct.App.), *cert. denied*, 104 N.M. 246, 719 P.2d 1267 (1986), the court of appeals determined that despite the absence of a written agreement creating and delineating the scope of the agency, a fiduciary relationship existed between the title company (the title insurer's agent) and both the seller and the buyer. "This relationship obligated [the title company] to exercise ordinary care, or reasonable diligence, to communicate to both [parties] knowledge acquired in the course of its agency with respect to matters pertaining thereto." The issue presented in *Cano* concerned the duty on the part of the title company, as agent for both parties in providing title services, to communicate information it had acquired through a search of county tax records "which it knew could affect the status of the property being closed." *Id.* at 535, 734 P.2d at 775.

■ We believe that Cottonwood's complaint alleged sufficient facts to state a tort claim of negligence against Territorial based upon the statute quoted above and our law regarding fiduciary relationships between title companies when acting as title insurance agents and the vendors and vendees of the properties. Accordingly, the dismissal by the district court is reversed and the cause remanded for trial on the merits.

IT IS SO ORDERED.

MONTGOMERY and FRANCHINI, JJ., concur.