850 P.2d 972

**Ben RUIZ and Margaret Ruiz, his wife,
Third–Party Plaintiffs/Appellees**

**v.**

**Annie N. GARCIA, Third–Party
Defendant/Appellant.**

**Annie N. GARCIA, Fourth–Party
Plaintiff/Appellant,**

**v.**

**NEW MEXICO TITLE CO., A New
Mexico Corp., Fourth–Party
Defendant/Appellee.**

No. 19624.

Supreme Court of New Mexico.

Feb. 10, 1993.

Rehearing Denied April 12, 1993.

Thomas A. Tabet, Albuquerque, for appellant Garcia.

Moses, Dunn, Beckley, Espinosa & Tuthill, Joseph L. Werntz, Albuquerque, for appellee Ruiz.

Oldaker, Oldaker & Norris, Gene D. Reneau, Albuquerque, for appellee New Mexico Title Co.

## OPINION

FROST, Justice.

This matter comes before us on appeal from two Orders granting two Motions for Summary Judgment in favor of the Fourth–Party Defendant/Appellee New Mexico Title Company ("New Mexico Title") against the Fourth–Party Plaintiff/Appellant, Annie N. Garcia ("Garcia"). All of the facts recited below are undisputed. Because no genuine issue of material fact is in dispute and because New Mexico Title is entitled to judgment as a matter of law on the first and third counts, we affirm the District Court as to those issues. We reverse the District Court's decision, however, on the negligence count.

### FACTS

In July 1987, Garcia as seller entered into a contract with Ben and Margaret Ruiz (the "Ruizes") as buyers of certain real estate. After Garcia and the Ruizes executed a document entitled "Purchase Agreement," Garcia engaged New Mexico Title as closing agent to finalize the transaction. Garcia also engaged New Mexico Title to issue a title insurance policy to the Ruizes. Lawyers Title Insurance Corporation, as underwriter, issued an Owner's Policy of Title Insurance through its agent,

New Mexico Title. The Ruizes were the named insureds under the insurance policy.

After Garcia conveyed the property to the Ruizes, the Ruizes discovered that the State of New Mexico previously had condemned a portion of the land and that accordingly there was a cloud on the title to the property. This lawsuit followed.

## PROCEDURAL HISTORY

Beatriz Rivera, as assignee of the rights of Garcia, initiated this action against the Ruizes to collect the amount due from the Ruizes under a promissory note and mortgage that were executed for the sale of the property.[1] The Ruizes filed a Third–Party Complaint against Garcia, the details of which are not relevant to this appeal. The Ruizes also made a claim against their insurer, Lawyers Title, which they settled. In a realignment of parties, Garcia was substituted for Rivera as party plaintiff.

Garcia then filed a Fourth–Party Complaint against New Mexico Title, alleging two counts: negligent provision of title services and breach of contract. In an Amended Fourth–Party Complaint, Garcia also alleged that New Mexico Title was guilty of negligent misrepresentation. It is the District Court's award of summary judgment to New Mexico Title on these three issues that is the subject of this appeal.

## THE ISSUES

In her Fourth–Party Complaint, Garcia alleged that as a proximate result of the failure of New Mexico Title to discover the defects in the title to the property, she suffered damages. Garcia also alleged that the failure to find the defect from the title search constituted breach of contract by New Mexico Title. On the other hand, New Mexico Title claimed that it owed no duty to Garcia to conduct a title search, and it denied any contractual relationship with her. Instead, New Mexico Title alleged that its only connection with Garcia in the transaction was that of a closing agent.

New Mexico Title moved for summary judgment by way of stipulated documents, affidavits, and party admissions. The District Court granted summary judgment, dismissing with prejudice any claim by Garcia based on negligence or breach of contract. The court granted leave to Garcia, however, to file an amended complaint to plead negligent misrepresentation.

In her Amended Fourth–Party Complaint, Garcia alleged that New Mexico Title was guilty of misrepresenting to her at closing the state of the title to the property. New Mexico Title made a prima facie showing that it was entitled to summary judgment. It argued that it did not undertake any function as an abstractor to search the title for Garcia, and it denied that it owed Garcia a duty to disclose the condition of the title. New Mexico Title claimed that it was responsible only for issuing an insurance policy to the Ruizes and for performing administrative functions at the closing. It also claimed that it made no representations to Garcia regarding the title, that Garcia did not justifiably rely upon any information from New Mexico Title, and that she suffered no damages. The trial court granted summary judgment on Garcia's claim of negligent misrepresentation, and she filed her notice of appeal.

### Standard of Review

Notwithstanding New Mexico Title's assertion that Garcia raised the breach of contract issue for the first time on appeal, the District Court addressed the issue in its first order granting summary judgment. Accordingly, we will address the merits of each of the issues. We do so in the aspect most favorable to support a trial on the issues because the purpose of summary judgment is not to preclude a trial on the merits if a triable issue of fact exists. *See Kelly v. St. Vincent Hosp.*, 102 N.M. 201, 204, 692 P.2d 1350, 1353 (Ct.App.1984). The burden rests upon the moving party to

---

**1.** Other parties were named as defendants in the initial complaint, but they were dismissed and are not parties to this appeal.

sustain the award of summary judgment. *Id.*

### Breach of Contract

■ It is undisputed that the only written contracts in existence here were the contract of title insurance issued to the Ruizes and the Purchase Agreement between Garcia and the Ruizes. The title insurance policy insured the Ruizes against the unmarketability of and any defects in the title to the property that they bought. The Purchase Agreement required Garcia to deliver a warranty deed conveying merchantable title to the Ruizes. It did not require New Mexico Title to deliver merchantable title to the Ruizes for Garcia. Rather, New Mexico Title issued a contract of insurance through Lawyers Title, which insured the Ruizes against any defects in the title to the property.

Garcia admitted that she neither requested nor ordered from New Mexico Title a title search, a title commitment, or a title binder. In fact, both Garcia and the Ruizes advised New Mexico Title that they did not need a title binder or commitment because they were in a hurry to close the transaction. Garcia, therefore, had no contract, express or implied, with New Mexico Title except for its engagement as a closing agent.

■ Once the moving party makes a prima facie showing that it is entitled to summary judgment, the burden shifts to the nonmoving party to demonstrate that a genuine, triable issue of fact exists. *Koenig v. Perez*, 104 N.M. 664, 666, 726 P.2d 341, 343 (1986). At this stage, the nonmoving party may not rely upon its pleadings, but must make an affirmative showing that a material issue of fact is in dispute. *Oschwald v. Christie*, 95 N.M. 251, 253, 620 P.2d 1276, 1278 (1980).

■ To support her position, Garcia offered only conclusory statements that were at best a restatement of the allegations in her complaint. Garcia made no showing that New Mexico Title undertook anything more than the role it performed as closing agent, and she admitted that it had no obligation to make a title search for her under the terms of the title policy. After an opportunity to rebut the moving party's factual showing, when the material facts are not in dispute and only the legal effect of the undisputed facts remains to be decided, summary judgment is the proper disposition of the issue. *Koenig*, 104 N.M. at 666, 726 P.2d at 343.

### Negligence

■ Garcia claims further that the District Court erred in holding that because New Mexico Title had no contractual duty to make a title search, no duty whatsoever existed. Garcia argues that because New Mexico Title, in fact, performed a title search, it had an implied duty to exercise reasonable care in conducting the search, the breach of which (failing to discover the defect in title) gave Garcia a cause of action. New Mexico Title asserts that under well-settled case law, a title company owes no duty to the seller in a transaction like this one. New Mexico Title is correct in its assertion that there is no duty under the case law, but we conclude that one exists under NMSA 1978, Section 59A–30–11(A) (Repl.Pamp.1992).[2]

■ The existence of a tort duty is a policy question that is answered by reference to legal precedent, statutes, and other principles of law. *Calkins v. Cox Estates*, 110 N.M. 59, 62, 792 P.2d 36, 39 (1990). Because we find that a statutory duty exists, a review of the relevant case law is necessary in order to place our ruling in proper context.

In *Horn v. Lawyers Title Insurance Corp.*, 89 N.M. 709, 557 P.2d 206 (1976), a buyer sued the title company for breach of contract for failing to report on items in the land records that were specifically ex-

---

**2.** Section 59A–30–11(A) states:
 ' No title insurance policy may be written unless the title insurer or its title insurance agent has caused to be conducted a reasonable search and examination of the title using an abstract plant meeting the requirements of Section 59A–12–13 NMSA 1978 and has caused to be made a determination of insurability of title in accordance with sound underwriting practices.

cluded under the title insurance policy. We held that if a title company had no duty to conduct a title search, any search that it performed anyway was solely for its own use and protection. *Id.* at 711, 557 P.2d at 208. Accordingly, we concluded that no breach of contract existed when the title company had not contracted to perform a search for the contested items.

In *Devlin v. Bowden*, 97 N.M. 547, 641 P.2d 1094 (Ct.App.1982), in which an insured sued the title company for tortiously conducting a title search, the Court of Appeals, citing *Horn*, held that if no contractual duty existed to search the records for matters excluded from coverage under the insurance contract, then no tort duty existed either. In reaching this result, the Court of Appeals quite correctly reasoned that there could be no negligence for failing to perform an act when no duty to perform the act existed. *Id.* at 553, 641 P.2d at 1100.

In *Roscoe v. U.S. Life Title Insurance Co.*, 105 N.M. 589, 734 P.2d 1272 (1987), in which the buyer sued the title company and its agent for negligence, we held that the defendants were not liable for breaching a duty by failing to search the records for matters expressly excluded from coverage under the insurance policy. *Id.* at 591, 734 P.2d at 1274. Citing *Horn* and *Devlin*, we stated in *Roscoe* that we would not find a duty when none was undertaken by the title company or its agent. *See id.*

Recently, however, we decided *Cottonwood Enterprises v. McAlpin*, 111 N.M. 793, 810 P.2d 812 (1991), in which an insured buyer sued the title company's agent for negligently performing title services. *Id.* at 795, 810 P.2d at 814. The plaintiff buyer was insured by a title policy procured by the defendant title insurance agent on behalf of the insurer. The plaintiff alleged that the defendant negligently performed the title search and claimed that it suffered damages as a proximate result of the defendant's breach. We held that a title insurance agent owed a duty of reasonable care to the buyer/insured in con-

ducting a title search arising out of the provision of title insurance as prescribed by NMSA 1978, Section 59A–30–11(A) (Repl.Pamp.1988). *Id.* at 796, 810 P.2d at 815. Thus, we concluded that the defendant was subject to the standard of care defined in the statute.

New Mexico Title argues that our opinion in *Cottonwood* is inapposite here. It concedes that in *Cottonwood*, there was a statutory basis for the duty that we concluded was independent from the title insurance contract and its attendant obligations. *See id.* New Mexico Title claims, however, that the basis for such a statutory duty is not present here because New Mexico Title did not issue a title insurance policy to Garcia. In addition, it asserts that the cause of action in *Cottonwood* inured to the benefit of the buyer of the property who was also the insured under the policy, not to the seller.

■ The purpose and legislative intent of the New Mexico Title Insurance Law, however, is to "provide for the protection of *consumers and purchasers* of title insurance policies...." Section 59A–30–2(B) (emphasis added). Our opinion in *Cottonwood* dealt with the title company's duty to a buyer of property. Generally, it is the buyer of property who is the insured, and it is the seller of property who purchases the title insurance policy. We construe the statute as extending the same protection to sellers of property ("purchasers of title insurance") that we extended to buyers of property ("consumers") in *Cottonwood*. So, even though New Mexico Title had no express contractual duty to perform a title search for Garcia and did not undertake to act in any capacity for Garcia other than as a closing agent in a real estate transaction, it nevertheless had a statutory duty to Garcia independent of any contract. Thus, we reject New Mexico Title's argument, based upon *Horn*, 89 N.M. at 711, 557 P.2d at 208, that if it had no contractual obligation to conduct a search for Garcia, any search undertaken was for its own benefit.[3] We

---

**3.** We do not overrule *Horn* because the plaintiff's claim in that case was breach of contract, and we found that there was no contract to perform a search for the contested items. *Horn,*

hold that New Mexico Title owed a duty of reasonable care to Garcia under Section 59A–30–11(A) and that its failure to discover a defect of title is actionable for her. *See Cottonwood,* 111 N.M. at 796, 810 P.2d at 815.

Furthermore, in *Cano v. Lovato,* 105 N.M. 522, 734 P.2d 762 (Ct.App.), *cert. denied,* 104 N.M. 246, 719 P.2d 1267 (1986), *cert. quashed,* 105 N.M. 438, 733 P.2d 1321 (1987), the Court of Appeals found that New Mexico Title had a fiduciary duty to communicate both to the buyer and the seller information that it acquired from its title search that it knew could affect the outcome of the real estate transaction. *Id.* 105 N.M. at 534, 734 P.2d at 774. New Mexico Title appears to have undertaken the same duties in *Cano* that it undertook here. The factor distinguishing *Cano* from this case, however, is that New Mexico Title twice discovered defects in the title to the property from its search in *Cano* which it knew could affect the status of the property being closed, but it failed to convey that knowledge to the parties. *Id.* at 535, 734 P.2d at 775. Here, Garcia alleged that New Mexico Title failed to discover defects in the title, not that it failed to communicate information that it discovered. The duty enunciated in *Cano* is to communicate relevant information from a title search that the title insurance agent should have known would alter the outcome of the real estate transaction. *Id.* Accordingly, our opinion today is not inconsistent with *Cano.*

### Negligent Misrepresentation

■ In addition to finding that New Mexico Title undertook no obligation and thus had no duty to Garcia regarding the condition of the title, the District Court found that New Mexico Title did not represent the condition of the title to Garcia.

The court, therefore, dismissed her claim for negligent misrepresentation.

Garcia claims that because New Mexico Title assumed a duty to conduct the closing under the Purchase Agreement, it had an obligation to disclose to Garcia that merchantable title could not be conveyed to the Ruizes. Because New Mexico Title failed to disclose the defects, Garcia argues, its role in the closing transaction amounted to an inadvertent misrepresentation to her that title to the property was good.

■ New Mexico Title secured an insurance policy that would pay the Ruizes for any losses to them as a result of a defect in the title to the property. A title insurance policy, however, is not a report from the land records, nor does it purport to represent that information. A title insurance contract only obligates the insurer to indemnify the insured for losses sustained when one of the risks insured against occurs. Thus, a title policy does not constitute a representation that the contingency insured against will not occur. *See Lawrence v. Chicago Title Ins. Co.,* 192 Cal.App.3d 70, 237 Cal.Rptr. 264, 266 (Ct.App.1987). Accordingly, there can be no cause of action for negligent misrepresentation regarding a title search by the title company based upon the title policy alone. *See id.*

■ The law of negligent misrepresentation is governed by negligence principles. *R.A. Peck, Inc. v. Liberty Fed. Sav. Bank,* 108 N.M. 84, 88, 766 P.2d 928, 932 (Ct.App.1988). In New Mexico, to recover under a claim of negligent misrepresentation, also referred to as negligence by words, the offending party must have breached a duty of disclosure owed to the injured party, the injured party must have had a right to rely on the misinformation, and it must have sustained damages. *Stotlar v. Hester,* 92 N.M. 26, 28, 582 P.2d 403, 405 (Ct.App.), *cert. denied,* 92 N.M. 180,

89 N.M. at 711, 557 P.2d at 208. The enactment of Section 59A–30–11(A) in 1985 and our opinion in *Cottonwood* do modify *Horn* insofar as it held that a title company is under no duty to perform a title search unless contractually obligated to do so.

Our holding in *Cottonwood* regarding the statutory duty to perform a title search whenever issuing a title policy, however, overrules *Devlin* and *Roscoe* insofar as they interpreted *Horn* as holding that no tort duty existed in the absence of a contractual duty to search the records under the title insurance contract. *See Roscoe,* 105 N.M. at 591, 734 P.2d at 1274; *Devlin,* 97 N.M. at 553, 641 P.2d at 1100.

585 P.2d 324 (1978). Thus, if New Mexico Title breached a duty of disclosure that it owed to Garcia independent of the insurance contract, it might be liable to her for negligent misrepresentation.

As we stated above, New Mexico Title owed a duty of reasonable care to Garcia under Section 59A–30–11(A), but not a duty to disclose information. In addition, Garcia had no cause of action for negligent misrepresentation because she could not satisfy the element of justifiable reliance as a matter of law. Garcia admitted that she was aware that her property had been condemned and that she received notice of the condemnation proceedings. Garcia's knowledge, therefore, foreclosed any justifiable reliance upon the title search to apprise her of information about which she was already aware. *See Kenny v. Safeco Title Ins. Co.*, 113 Cal.App.3d 557, 169 Cal. Rptr. 808, 810 (Ct.App.1980); *Transamerica Title Ins. Co. v. Johnson*, 103 Wash.2d 409, 693 P.2d 697, 700 (1985).

### CONCLUSION

From the facts in the record below, the District Court correctly found that New Mexico Title owed no contractual duty to Garcia and that she failed to establish a cause of action for negligent misrepresentation. Because all material facts are undisputed and no triable issue of fact exists, we affirm the District Court's award of summary judgment on these two issues.

The District Court erred, however, in dismissing Garcia's negligence action. New Mexico Title owed Garcia a duty under Section 59A–30–11(A) that existed outside of their contractual relationship. Garcia, therefore, has a cause of action for the violation of that statutory duty as enunciated in *Cottonwood*. Accordingly, this cause is remanded to the District Court for proceedings consistent with this opinion.

IT IS SO ORDERED.

RANSOM, C.J., and MONTGOMERY, J., concur.